UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

TERRY M. HUMPHRIES, and Other Similarly :
Situated Persons, :
:
      Plaintiffs, :
:
v. :   CASE NO. 9:03-CV-217
:
TREES, INC., :   JUDGE RON CLARK
:
      Defendant. :

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the court is the Motion for Partial Summary Judgment [Doc. # 77] submitted by Defendant Trees, Inc., currently owned by TruGreen LandCare LLC. The motion for partial summary judgment is based on a statute of limitations defense as to twenty-five (25) Plaintiffs currently identified in the FLSA class of one hundred and one (101) Plaintiffs. The Plaintiffs have filed a response that in essence concedes that there is no evidence to overcome Defendant's defense. *See* Pls.' Response [Doc. # 79]. Upon review of the memoranda, the record and the applicable law, the Court finds that Defendant Trees, Inc. has shown that it is entitled to summary judgment on the claims of the twenty-five Plaintiffs who are the subject of its motion. Accordingly, Trees, Inc.'s Motion for Partial Summary Judgment **[Doc. # 77]** is **GRANTED** as set forth below.

### I. BACKGROUND

Plaintiffs have filed this Fair Labor Standards Act (FLSA) claim against Defendant Trees, Inc. alleging that they were not paid overtime wages as required by law. See 29 U.S.C. § 201 et seq. Plaintiffs sought and gained leave from this court to administer a judicially supervised notice to potential plaintiffs. One hundred and one (101) Plaintiffs signed consent forms and opted into this lawsuit. Of these one hundred and one (101) Plaintiffs, twenty-five (25)

were not employed by Defendant during the period of time allowed by the statute of limitations under the FLSA. See 29 U.S.C. §§ 255(a); 256. Defendant filed this motion for partial summary judgment as to the claims asserted only by the twenty-five Plaintiffs not employed as of the reach back date permissible and calculated by the individual Plaintiff's class opt-in date.

## II. SUMMARY JUDGMENT STANDARD AND ANALYSIS

The party moving for summary judgment under Fed. R. Civ. P. 56 has the initial burden of demonstrating that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986). Movant may show that the undisputed material facts affirmatively establish a right to judgment. Alternatively, movant may establish that the other party has the burden of proof at trial, and has failed to "make a showing sufficient to establish the existence of an element essential to [its] case." *Nebraska v. Wyoming*, 507 U.S. 584, 590, 113 S. Ct. 1689 (1993), (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2522 (1986)). In order to avoid summary judgment, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86, 106 S. Ct. 1348, 1335 (1986); *Anderson*, 477 U.S. at 257, 106 S. Ct. at 2514. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S. Ct. at 1356. Fed. R. Civ. P. 56 requires that the nonmoving party set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256, 106 S. Ct. at 2514. Only a genuine dispute over a material fact (a fact which might affect the outcome of the suit under the governing substantive law) will preclude summary judgment. *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party on the issue.

*Id.* If the factual context renders a claim implausible (for example if the claim simply makes no economic sense) nonmovants "must come forward with more persuasive evidence to support their claim than would otherwise be necessary. *Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356.

Here, Defendant has established through admissible, and uncontroverted evidence, the date of the twenty-five individual Plaintiffs were employed. Plaintiff has responded indicating there is no evidence to contradict Defendant's assertions. There is no hint of a possible situation that would toll the statute of limitations and allow these twenty-five Plaintiffs to recover under the FLSA. IT IS THEREFORE ORDERED that Defendant Trees, Inc.'s Motion for Partial SummaryJudgment [Doc. #77] is hereby GRANTED,and the Plaintiffs listed below shall take nothing from Defendant.

| Plaintiff's Name | Opt-in Date | "Best case" Reach Back Date Allowed by SOL | Last Day Worked |
|---|---|---|---|
| Rodney Brackens | 3/8/05 | 3/8/02 | 2/14/02 |
| Mitchell Brown | 3/8/05 | 3/8/02 | 6/29/01 |
| Doyle Cameron | 3/9/05 | 3/9/02 | 8/2/01 |
| Tony Cox | 3/15/05 | 3/15/02 | 2/14/02 |
| Shannon Dearman | 3/16/05 | 3/16/02 | 11/08/01 |
| Richard Dockins | 3/9/05 | 3/9/02 | 5/24/01 |
| Terry Dockins | 3/15/05 | 3/15/02 | 7/5/01 |
| Timothy Dunlap | 3/8/05 | 3/8/02 | 9/21/00 |
| Jacky Graham | 3/9/05 | 3/9/02 | 2/28/02 |
| Shane Graves | 3/9/05 | 3/9/02 | 1/4/01 |
| Jilberto Guiterez | 3/15/05 | 3/15/02 | 2/8/01 |
| Genaro Hernandez | 3/15/05 | 3/15/02 | 7/12/00 |
| Osvaldo Hernandez | 3/31/05 | 3/31/02 | 2/3/01 |
| David Kersh | 3/8/05 | 3/8/02 | 10/4/01 |

| Plaintiff's Name | Opt-in Date | "Best case" Reach Back Date Allowed by SOL | Last Day Worked |
|---|---|---|---|
| Alberto Lopez | 3/15/02 | 3/15/02 | 4/12/01 |
| Jimmy Maddox | 3/10/05 | 3/10/02 | 7/5/01 |
| Kenneth McCuin | 3/8/05 | 3/8/02 | 6/28/01 |
| Bennie McNett | 3/31/05 | 3/31/02 | 2/14/02 |
| Andre Montgomery | 3/8/05 | 3/8/02 | 11/28/01 |
| Cary Noiel | 3/10/05 | 3/10/02 | 11/15/01 |
| Jonathon Smith | 3/8/05 | 3/8/02 | 8/2/01 |
| Jeremy Todd | 3/25/05 | 3/25/02 | 2/21/02 |
| Billy Walker | 3/30/05 | 3/30/02 | 12/26/01[1] |
| Ted Wallace | 3/9/05 | 3/9/02 | 12/20/01 |
| Roy White | 3/15/05 | 3/15/02 | 10/04/01 |

So **ORDERED** and **SIGNED** this **19** day of **August, 2005.**

Ron Clark, United States District Judge

---

[1] Given the undisputed information provided regarding Mr. Walker's unique employment situation, the court finds that his last day of employment (while not his termination date) was 12/29/01. Mr. Walker's last day of employment is dispositive in this case for purposes of statue of limitations calculation.